IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.

LaDONNA ROBERTSON

      Plaintiff,

v.

WILLIAM EWELL, individually;
JOHN AND JANE DOES 1 to 10, individually;
ZACHARY CRADDOCK, in his individual and official capacity,
WENDY BIRHANZEL, in her official capacity;
JOHN ROGERSON, in his official capacity;
HARRISON SCHOOL DISTRICT 2;

      Defendants.

---

### CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY

---

Plaintiff LaDonna Robertson, by and through one of her attorneys, John M. Scorsine, of the Law Offices of John M. Scorsine P.L.L.C., d/b/a the Kanthaka Group, complains against Defendants and requests trial by jury as follows:

### I. INTRODUCTION

1.  This is an action brought by LaDonna Robertson, a 59 year old grandmother, to vindicate profound deprivations of her constitutional rights caused by the unwarranted brutality inflicted upon her by security personnel of the Harrison School District 2 (hereinafter "D-2").

2. On May 4, 2019, Plaintiff, was attending a Governor Town Hall, sponsored by the Colorado Springs Independent, the Colorado Springs Business Journal, Pikes Peak Bulletin and the Southeast Express in the company of her granddaughter, Kaylnn then age 10.

3. The public event was held in the auditorium of Sierra High School and open to all residents of Colorado.

4. The event was an open forum with no questions to the Governor to be off-limits.  As such, the high school auditorium was transformed during the duration of the event into a "public square".

5. Ms. Robertson and her granddaughter lawfully gained admission to the event and passed through required all required security screening and checkpoints.

6. Ms. Robertson saw this as an opportunity to teach her granddaughter the values of our democracy and those Constitutional guaranteed civil rights we each hold dear as citizens of the United States of America.

7. Ms. Robertson and her granddaughter sat peacefully and respectfully throughout the Town Hall.

8. At the conclusion of Governor Polis' closing remarks and as the audience of the Town Hall meeting stood to applaud, Ms. Robertson along with a group of individuals opposed to Governor's Polis' administrator, began to chant "Recall Polis".

9. At this point, Ms. Robertson removed the cloth scarf that was resting on her shoulders and over her back and began holding it in front of her. The scarf was embossed with the message that was being chanted, "Recall Polis."

10. Ms. Robertson was not in possession of any rigid, sharp, dangerous, or unlawful object; nor did she pose a threat to any person, group, or property.

11.   Individuals in front and to the left of her began moving toward Ms. Robertson at which time she lowered the scarf to shield her face, while still chanting.

12.   In concert or conspiracy, Defendant, William Newell, maliciously and baselessly caused Plaintiff injury.  Specifically, Defendant Ewell, a D-2 security guard, in concert with others similarly employed, grabbed Ms. Robertson by her elbow and wrist with both hands left and pulled her across several auditorium seats before she fell onto the floor and began to wail.

13.   The following four screen shots, taken from a video recorded at the time illustrates the savage and excessive force applied against Ms. Robertson and witnessed by her granddaughter.









## II. JURISDICTION, VENUE, AND NOTICE

14.    This action arises under the Constitution and laws of the United States, including Article

III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§

1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28

U.S.C. §§ 1331, 1343, 2201.

15.     This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### III. PARTIES

16.     At all times relevant hereto, Plaintiff LaDonna Robertson was a resident of the State of Colorado and a citizen of the United States of America.

17.     At all times relevant hereto, Defendant William Ewell was a citizen of the United States and a resident of the State of Colorado and was acting under color of state law in his capacity as a security and law enforcement officer employed by the Defendant Harrison School District 2.  Defendant William Ewell is sued individually.

18.     At all times relevant hereto, Defendants John and Jane Does, heretofore unidentified, were citizens of the United States and a residents of the State of Colorado and was acting under color of state law in their capacity as security and law enforcement officers employed by the Defendant Harrison School District 2.

19.     Defendant Harrison School District 2, hereinafter "D-2" is a Colorado school district organized and existing pursuant to State law and is the legal entity responsible for itself and for the actions of its security personnel. This Defendant is also the employer of the individual Defendant Security Guards and is a proper entity to be sued under 42 U.S.C. § 1983.

20.     At all times relevant hereto, Defendant Zachary Craddock was a citizen of the United States and a resident of the State of Colorado. Defendant Craddock is sued in his individual and official capacity as the Principal of Sierra High School, employed by the Defendant D-2 and was acting under color of state law.

21.     As the Principal of Sierra High School, Defendant Craddock both exercised and delegated his final decision-making power to the establishment and execution of security policies relevant to this cause of action.  He also delegated the training and supervision of individual Defendants.

22.     At all times relevant hereto, Defendant Wendy Birhanzel was a citizen of the United States and a resident of the State of Colorado. Defendant Birhanzel is sued in her official capacity as a dual Superintendent of, employed by the Defendant D-2 and was acting under color of state law.

23.     As the Superintendent of D-2, Defendant Birhanzel both exercised and delegated his final decision-making power to the establishment and execution of security policies relevant to this cause of action.  She also delegated the training and supervision of individual Defendants.

24.     At all times relevant hereto, Defendant John Rogerson was a citizen of the United States and a resident of the State of Colorado. Defendant Rogerson is sued in his official capacity as a dual Superintendent of, employed by the Defendant D-2 and was acting under color of state law.

25.     As the Superintendent of D-2, Defendant Rogerson both exercised and delegated his final decision-making power to the establishment and execution of security policies relevant to this cause of action.  He also delegated the training and supervision of individual Defendants.

26.     Defendant D-2 and Defendants Craddock, Birhanzel and Rogerson are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict

supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

27. The Defendant D-2 is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendants Birhanzel and Rogerson in their official capacity as dual Superintendents of D-2, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

## IV. STATEMENT OF FACTS

28. Plaintiff incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

29. At the time she was accosted and assaulted by the Defendant Ewell, Ms. Robertson was lawfully on the premises of Sierra High School.

30. There were no prohibitions posted that signs were not permitted. Further, any such prohibition would have been constitutionally impermissible unless tied to a legitimate and compelling state interest in the restriction of political speech.

31. Ms. Robertson's scarf was a fabric, unreinforced in any manner, and could not be legitimately viewed as a threat to public health safety or welfare in any manner.

32. Ms. Robertson waited until the conclusion of the event to unfurl her scarf.

33. As the event had concluded, no person's view or line of sight was compromised or restricted by the scarf being displayed.

34. Three days prior to the event, Ms. Robertson had undergone back surgery and was still convalescing. Her ability to move was restricted and her overall mobility was impaired.

35. As Ms. Robertson was holding her scarf and chanting with others "recall polis," she saw someone reaching for her scarf and thought it was an individual in front of her and she

turned away. At that time, Defendant Ewell grabbed Ms. Robertson's wrist and elbow with both of his hands and began pulling her down across several seats in the auditorium.

36.     At no time did Ms. Robertson see or hear Defendant Ewell before he grabbed her wrist and below.

37.     Ms. Robertson was injured.  She suffered sprained left wrist, left shoulder pain, lower back sprain, internal bleeding back at site surgery two days prior to incident, sleep issues and ongoing anxiety.

38.     All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Ms. Robertson's federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant D-2 and Defendants Craddock, Birhanzel and Rogerson acting under color of state law.

39.     With deliberate indifference to the rights of citizens to be free from excessive force by Security and Law Enforcement personnel, the Defendant D-2 and Defendants Craddock, Birhanzel and Rogerson have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of brutality by:

a.     failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

b.     by failing to adequately punish unconstitutional uses of force;

c.     by tolerating the use of unconstitutional force;

d.     by ongoingly failing to properly or neutrally investigate citizen/student complaints of excessive force; and,

e.     by tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

40.    With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, the Defendant D-2 and Defendants Craddock, Birhanzel and  Rogerson have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of retaliation to the exercise of such rights by:

a.     failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of security and school official personnel without retaliation;

b.     by failing to adequately punish retaliation by security and school officials against members of the public who exercise their protected speech rights to object to police conduct;

c.     by tolerating the use of retaliation based on protected speech;

d.     and by ongoingly failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Rights.

41.    It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant D-2 security officers to retaliate against individuals for exercising First Amendment rights, as well as to fail to supervise and to train personnel in the constitutional rights of individuals.

42.    As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing

special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

43.     Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from being beaten like this.

44.     Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)

*(Against Defendants Ewell, Craddock, Birhanzel and Rogerson)*

45.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully setforth herein.

46.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

47.     Plaintiff in this action is a citizen of the United States and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

48.     133. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as security personnel and officials of D-2 and their acts or omissions were conducted within the scope of their official duties or employment.

49.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

50.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by D-2 personnel.

51.     Any reasonable security officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

52.     Defendants Ewell's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

53.     Defendants actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Landau's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

54.     Defendant Ewell unlawfully seized Ms. Robertson by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Me. Robertson of her freedom.

55.     Neither Defendant Craddock nor any of the other D-2 personnel present at the event took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of Defendant Ewell. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other.

56.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Robertson's federally protected constitutional rights.

57.     They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

58.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

59.     These individual Defendants acted in concert and joint action with each other.

60.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

61.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

62.     The Defendants to this claim at all times relevant hereto were acting pursuant to district custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

63.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

64.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42

U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

65. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND CLAIM FOR RELIEF

**CONSTRAINTS ON THE FREE EXERCISE OF POLITICAL SPEECH IN VIOLATION OF THE FIRST AMENDMENT; VIOLATION OF EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT AND 42 U.S.C. § 1983 (42 U.S.C. § 1983)**

*(Against Defendants Ewell, Craddock, Birhanzel and Rogerson)*

66. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

67. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia  subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

68. Plaintiff in this action is a citizen of the United States and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

69. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as security personnel and officials of D-2 and their acts or omissions were conducted within the scope of their official duties or employment.

70.   At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from restraints on the free exercise of political speech and to enjoy the equal protection of the laws.

71.   Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Robertson's federally protected rights.

72.   The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

73.   These individual Defendants acted in concert and joint action with each other.

74.   The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

75.   Defendants are not entitled to qualified immunity for the complained of conduct.

76.   The Defendants to this claim at all times relevant hereto were acting pursuant to D-2 custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

77.   As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

78.   On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42

U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

79.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

### THIRD CLAIM FOR RELIEF

### RETALIATION IN VIOLATION OF THE FIRST AMENDMENT (42 U.S.C. § 1983)

*(Against Defendants Ewell, Craddock, Birhanzel and Rogerson)*

80.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

81.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

82.     Plaintiff in this action is a citizen of the United States and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

83.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as security personnel and officials of D-2 and their acts or omissions were conducted within the scope of their official duties or employment

84.     At the time of the complained of events, Plaintiff the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

85. Any reasonable security or school official knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

86. Ms. Robertson exercised her constitutionally protected right to question school officials and/or engaged in protected speech related to the constitutional rights of citizens with respect to searches of their property by the governmental officials and objectionable governmental conduct.

87. Retaliatory animus for Ms. Robertson's exercise of her constitutionally protected right to question D-2 officials and personnel regarding the scope of their legal authority to seize her property or direct her movements was a substantially motivating factor in the excessive force used by individual Defendant.

88. The excessive force used against Plaintiff in retaliation for her protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

89. All of these Defendant officials participated in this use of force as a means of retaliation for her protected speech and none of the Defendants took reasonable steps to protect Plaintiff from this retaliation for the protected speech. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

90. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Robertson's federally protected constitutional rights.

91. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

92. These individual Defendants acted in concert and joint action with each other.

93. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

94. Defendants are not entitled to qualified immunity for the complained of conduct.

95. The Defendants to this claim at all times relevant hereto were acting pursuant to D-2 custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

96. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

97. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

98. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

99. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## FOURTH CLAIM FOR RELIEF

## DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH, FOURTEENTH, AND FIRST AMENDMENTS AND IN VIOLATION OF 42 U.S.C. § 1981

*(Against Defendants Craddock, Birhanzel and Rogerson)*

100.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

101.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

102.    Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

103.    The Defendants to this claim at all times relevant hereto were acting under the color of state law.

104.    Plaintiff had the following clearly established rights at the time of the complained of conduct:

    a.    the right to be secure in her person from unreasonable seizure through excessive force, under the Fourth Amendment;

    b.    the right to be secure in her property from unreasonable seizure through excessive force, under the Fourth Amendment;

    c.    the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

> d.    the right to exercise her constitutional rights of free speech under the First Amendment without retaliation;

105.    Defendants Craddock, Birhanzel , Rogerson and Defendant D-2 knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

106.    The acts or omissions of these Defendants, as described herein, deprived Ms. Robertson of her constitutional and statutory rights and caused her other damages.

107.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

108.    Defendants are not entitled to qualified immunity for the complained of conduct. Defendants Craddock, Birhanzel and Rogerson at all times relevant, policymakers for D-2, and in that capacity established policies, procedures, customs, and/or practices for the same.

109.    These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Ms. Robertson's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

110.    Defendants Craddock, Birhanzel, Rogerson and Defendant D-2 have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, district-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

111.   More specifically, Defendants Craddock, Birhanzel, Rogerson and Defendant D-2 failed to provide training and supervision that distinguished between the authorities present and lawfully exercised by district personnel as to students in their charge and members of the general public making use of their facilities.

112.   In light of the duties and responsibilities of those personnel that participate in maintaining the security of the D-2 facilities, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

113.   The deliberately indifferent training and supervision provided by Defendants Craddock, Birhanzel, Rogerson and Defendant D-2 resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants Craddock, Birhanzel, Rogerson and Defendant D-2and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

114.   As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred  special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

115.   On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42

U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

116.   Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of D-2

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A.   compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B.   economic losses on all claims allowed by law;

C.   special damages in an amount to be determined at trial;

D.   punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E.   attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F.   pre- and post-judgment interest at the lawful rate; and,

G.   any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 11th  day of December 2020.

s/ *John M. Scorsine*
John M. Scorsine
The Kanthaka Group
1465 N. Union Blvd. Suite 100
Colorado Springs, CO 80909
Telephone: (719) 633-2222
E-mail: jscorsine@kanthakagroup.com
Attorney for Plaintiff